**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| The Home Savings and Loan Company, | ) | CASE NO. 1:08 CV 02998 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Acme Arsena Company Inc., et al. | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants and | ) | |
| Third-party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The Internal Revenue Service, | ) | |
| | ) | |
| Third-party Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon third-party defendant United States of America's

Motion for Summary Judgment (Doc. 26). This is a dispute as to priority of claim in an

interpleader fund. For the reasons that follow, third-party defendant's motion for summary

judgment is GRANTED in part and DENIED in part.

**FACTS**

This action arises originally from a complaint filed by plaintiff, Home Savings and Loan

Company of Youngstown, Ohio (hereinafter "plaintiff"), against defendant, Acme Arsena

Company, Inc. (hereinafter "Acme Arsena"), for money owed by Acme Arsena to plaintiff's

debtor, Victor Arsena.  Acme Arsena then filed a third-party complaint for interpleader against

third-party defendant, the Internal Revenue Service ("IRS"), or properly the United States of

America (referred to for purposes of this memorandum as "defendant").

Victor and Barbara Arsena (collectively "the Arsenas") entered into a loan agreement and

a revolving demand cognovit note for a commercial line of credit with plaintiff on December 19,

2003.  On December 21, 2007, plaintiff obtained a judgment against the Arsenas for the

remaining balance due under the loan agreement and note plus accrued interest, and recorded the

judgment against the Arsenas in Cuyahoga County.

The Arsenas have an outstanding federal tax liability for the year ending December 31,

2005.  A delegate of the Secretary of Treasury assessed the Arsensas in the amount of

$161,844.57 on November 27, 2006.  The IRS notified the Arsenas of the assessment and

demanded payment, which the Arsenas failed to make.  The IRS filed a Notice of Federal Tax

Lien in the amount of $233,708.38 with the Cuyahoga County Recorder on February 8, 2007.

The federal tax lien covers "all property and rights to property belonging to this taxpayer for the

amount of these taxes, and additional penalties, interest, and costs that may accrue."

On the same day that plaintiff recorded its judgment against the Arsenas, plaintiff filed a

complaint against Acme Arsena Company, Inc. (hereinafter "Acme Arsena") and Victor Arsena

(hereinafter "Victor") in the Cuyahoga County Court of Common Pleas.  Plaintiff alleges that

2

Acme Arsena owes Victor money pursuant to a share purchase/redemption and employment termination agreement, and that plaintiff has the right to that money pursuant to the judgment plaintiff obtained against the Arsenas.

Acme Arsena filed a third-party complaint against the IRS seeking to interplead the money it owes to Victor pursuant to the agreement, asking that the court order it to distribute the money to the proper party and release it from all obligations with respect to the money, and asking the court to order the IRS to assert any claims it has against the money Acme Arsena owes Victor or to be barred from asserting the claims in the future.  Defendant removed the case to this Court.  Subsequently, Acme Arsena moved for leave to deposit with the Court the money it owes under the agreement with Victor, which the Court granted.

Defendant now moves for summary judgment on its claims that it has a valid federal tax lien on all of Victor Arsena's property and rights to property, and that it is entitled to priority in the interpleader fund over plaintiff's lien.  Plaintiff opposes summary judgment.

**STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)).  *See also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

3

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if its resolution

will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden shifts to the

nonmoving party:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleading, but the adverse
> party's response, by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is a genuine issue for
> trial.  If the adverse party does not so respond, summary judgment,
> if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The court must afford all reasonable inferences and construe the evidence

in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d

146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255).  *See also United States v. Hodges X-

Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial

fails to make a showing sufficient to establish an essential element of his case.  *Tolton v.

American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).

When the nonmoving party bears the burden of proof, "the burden on the moving party may be

discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of

evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  "The mere

existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must

be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57

F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252).  Moreover, if the evidence is

"merely colorable" or is not "significantly probative," the court may grant summary judgment.

*Anderson*, 477 U.S. at 249-50.

### **ANALYSIS**

**A.      Federal Tax Lien Priority**

The parties appear to agree that defendant's lien is valid and arose, at the latest, on

February 8, 2007.  The parties dispute the amount of that lien and whether plaintiff's lien has

priority over defendant's lien.  Priority between a federal tax lien and a state law lien is "a

question of federal law determined by the principle 'the first in time is the first in right.'"  *United*

*States v. Dishman Independent Oil, Inc.,* 46 F.3d 523, 526 (6th Cir. 1995).  Thus, the first lien to

be perfected has priority over subsequent liens.  Perfection as against a federal tax lien is also

determined by federal law.  *Id.*  Accordingly, a state law lien is perfected only when "the identity

of the lienor, the property subject to the lien, and the amount of the lien are established."  *Id.*

(citing *United States v. McDermott,* 507 U.S. 447, 449 (1993)).  Although a federal tax lien

arises at the time the assessment is made under 26 U.S.C. § 6322, it is not valid against a

purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the

United States has filed notice of its federal tax lien.  26 U.S.C. §6323(a).  Thus, if notice of a

federal tax lien is filed prior to the perfection of one of these liens, the federal tax lien has

priority.  Additionally, a security interest for purposes of 26 U.S.C. § 6323(a) is a security

interest which is "protected under local law against a subsequent judgment lien arising out of an

unsecured obligation."  26 U.S.C. § 6323(h)(1).

Defendant argues that it is entitled to priority over plaintiff's lien in the interpleader fund

because its lien arose on November 27, 2006, the date of the assessment, by virtue of 26 U.S.C.

§ 6322.  Further, it filed its notice of lien with the Cuyahoga County Recorder on February 8,

2007.  Defendant alleges that plaintiff's lien did not arise until plaintiff obtained a judgment against the Arsenas on December 21, 2007.  Thus, defendant argues, because defendant filed its notice of lien prior to plaintiff becoming a judgment creditor, defendant's lien has priority pursuant to 26 U.S.C. § 6323(a).

Plaintiff responds that its lien arose and was perfected on December 19, 2003, the date that the Arsenas signed the loan agreement and revolving demand note.  In the demand note, the Arsenas granted plaintiff a security interest in any and all deposits or other sums at any time credited by or due from plaintiff, and any cash, securities, instruments, or other property in possession of plaintiff.  Plaintiff argues that this security interest was "a continuing lien and security interest in any and all deposits of Vic Arsena, which would include the deposit of any payments due from the Acme Arsena Agreement."  Plaintiff further argues that the loan agreement supports this proposition, because the loan agreement required Victor to maintain his primary operating and deposit accounts with plaintiff.

Upon review, the Court finds that defendant's federal tax lien has priority in the interpleader fund over plaintiff's lien.  Plaintiff's security interest that was created on December 19, 2003, by the plain language of the revolving demand note, does not extend to any deposits not "credited by or due from" plaintiff, or to money, securities, or other property not in plaintiff's possession.  Plaintiff has not presented any evidence that any money due under the agreement between Victor and Acme Arsena is currently on deposit in an account over which plaintiff maintains control or is otherwise in plaintiff's possession.  Under Ohio law, a security interest in a deposit account can only be perfected against a subsequent judgment lien by the secured party's control, and a security interest in money can only be perfected against a

6

subsequent judgment lien by the secured party's possession of the money.  Ohio Rev. Code § 1309.312(B)(1) and (3).[1]  Therefore, plaintiff does not have a security interest, as defined by 26 U.S.C. § 6323(h)(1), in the money due under the agreement.

The contractual provision obligating Victor to maintain his primary operating and deposit accounts with plaintiff does not extend the security interest to a sum of money that Victor might choose to deposit in his primary operating or deposit account in the future.  According to the evidence presented in this case, plaintiff's only rights to the money that Acme Arsena owes Victor arise out of the judgment lien it recorded against the Arsenas on December 21, 2007, well after defendant filed notice of its federal tax lien.  Accordingly, the Court finds that there is no genuine issue of material fact as to the priority of defendant's lien.  Defendant's lien has priority.

**2.     Federal Tax Lien Amount**

Certificates of assessment and the IRS's determination of tax liability are presumptively correct.  *United States v. Noble,* 3 Fed. Appx. 331, 333-334 (6th Cir. 2001) (citing *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir. 1992); *United States v. Walton,* 909 F.2d 915, 918-19 (6th Cir. 1990)). *See also Sinder v. United States,* 655 F.2d 729, 731 (6th Cir. 1981). For the presumption of correctness to apply, the tax liability must be calculated according to an acceptable procedure.  *Walton,* 909 F.2d at 918-19.

Defendant has provided a certificate of assessment in the amount of $161,844.57, and a declaration of IRS Technical Services Advisor Joan Flach which states that the total amount due

---

[1]     The Court notes that in the reply brief, the United States refers the Court to Ohio's real property law to determine whether plaintiff's security interest has been perfected. This is unhelpful and inappropriate as this case does not involve any real property.  The Ohio Uniform Commercial Code governs the security interests at issue in this case.

to the IRS as of August 12, 2009 is $237,692.46, and that interest and other statutory additions are continuing to accrue.  Plaintiff objects to the dollar amount of the federal tax lien.  Plaintiff alleges that the discrepancy between the certificate of assessment and the declaration creates a genuine issue of material fact.

Upon review, the Court finds that defendant has not properly established the entire amount of the federal tax lien.  The notice of federal tax lien, filed February 8, 2007, gives the unpaid balance of assessment as $233,708.38.  The certificate of assessment is dated December 18, 2008, and the register attached to the certificate of assessment indicates that the balance as of December 17, 2008 (the "account status date") is $161,844.57.  The attached register includes transactions through May 2008.  The Flach declaration then states that the amount due is $237,692.46 as of August 12, 2009.  No explanation is given for the nearly $76,000 increase.  Defendant's reply brief states that the $161,844.57 was assessed on November 27, 2006 and does not account for any interest or penalties after that time, but this statement is inconsistent with the notice of federal tax lien on February 8, 2007, and is also inconsistent with the register attached to the certificate of assessment that purports to show transactions into May 2008.  Defendant has thus not shown that any amounts in excess of the amount on the certificate of assessment have been calculated according to an acceptable procedure.  Accordingly, defendant's motion for summary judgment on the validity of its tax lien is granted only as to $161,844.57.  Defendant's motion for summary judgment as to the remaining amount is denied.  Defendant may submit a detailed calculation of the penalties, interest, and other statutory additions that accrued after November 27, 2006 and renew its motion for summary judgment with respect to those amounts at that time by November 23, 2009.  *See United States v. Billheimer,* 197 F. Supp. 2d 1051,

8

1054-55 (S.D. Ohio 2002).

**CONCLUSION**

For the foregoing reasons, defendant's Motion for Summary Judgment is GRANTED as

to the priority of its lien and as to the validity of its lien in the amount of $161,844.57, and

DENIED as to the remaining $75,847.89.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/9/09