UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Home Savings and Loan Company of Youngstown Ohio, | ) ) ) | CASE NO. 1:08 CV 2998 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) ) | |
| Acme Arsena Company, Inc., et al. | ) ) | **Memorandum of Opinion and Order** |
| Defendants and Third-party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| The Internal Revenue Service, | ) ) | |
| Third-party Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon third-party defendant United States of America's Renewed Motion for Summary Judgment (Doc. 30).  This is a dispute as to the validity of a tax lien amount.  For the reasons that follow, third-party defendant's renewed motion for summary judgment is GRANTED.

1

**FACTS**

This action arises originally from a complaint filed by plaintiff, Home Savings and Loan Company of Youngstown, Ohio (hereinafter "plaintiff"), against defendant, Acme Arsena Company, Inc., for money owed by Acme Arsena to plaintiff's debtor, Victor Arsena.  Acme Arsena then filed a third-party complaint for interpleader against third-party defendant, the Internal Revenue Service ("IRS"), or properly the United States of America (referred to for purposes of this Memorandum as "defendant").

The facts underlying this dispute were fully set forth in the Court's November 9, 2009 Memorandum of Opinion and Order (Doc. 29) on defendant's motion for summary judgment as to the priority of its lien and the validity of its lien in the amount of $237,692.46.  The Court found that defendant had priority in the interpleader fund, but that its lien was only valid as to the $161,844.57 shown on the Certificate of Assessment because defendant provided no supporting calculations as to the remaining $75,847.89.  The Court granted leave to defendant to file a renewed motion for summary judgment with supporting calculations.  That motion has now been fully briefed.  Defendant moves for summary judgment on the validity of its lien in the mount of $239,894.96 as of November 20, 2009 and for the statutory interest and penalties that continue to accrue from that date.  Plaintiff opposes the motion.

**STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)).  *See also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine

issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). A fact is material only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden shifts to the nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255). *See also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). When the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "The mere

3

existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252).  Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

### ANALYSIS

A federal tax lien arises at the time an assessment is made.  26 U.S.C. § 6322.  The tax lien consists of the amount of unpaid tax, plus "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto."  26 U.S.C. § 6321.  Certificates of assessment and the IRS's determination of tax liability are presumptively correct.  *United States v. Noble,* 3 Fed. Appx. 331, 333-334 (6th Cir. 2001) (citing *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir. 1992); *United States v. Walton,* 909 F.2d 915, 918-19 (6th Cir. 1990)). *See also Sinder v. United States,* 655 F.2d 729, 731 (6th Cir. 1981).  For the presumption of correctness to apply, the tax liability must be calculated according to an acceptable procedure.  *Walton,* 909 F.2d at 918-19.

Defendant has submitted the declaration of Joan Flach (hereinafter "Flach Declaration"), which contains a detailed description of the calculation of taxes, penalties, and interest owed by Arsena.  Defendant argues that this amount must be enforced as a matter of law because it accrued by statutory operation.

Plaintiff responds that the calculations submitted by defendant pertain largely to accruals prior to the issuance of the Certificate of Assessment (hereinafter "Certificate") on December 18, 2008.  Plaintiff argues that the Certificate created a presumption that Victor Arsena owed

4

$161,844.57 as of December 17, 2008, which must be construed in plaintiff's favor.  Plaintiff argues that defendant's calculations show penalties and interest dating back to April 15, 2006, which contradicts the validity of the Certificate.  Plaintiff does not appear to dispute any of the actual calculations described in the Flach Declaration.

Upon review and construing the evidence in the light most favorable to plaintiff, the Court finds that defendant has adequately shown that its lien in the amount of $239,894.96 for Arsena's tax liability was calculated according to an acceptable procedure.  The Certificate of Assessment indicates that Arsena was assessed on November 27, 2006.  As of December 17, 2008, the balance due was $161,844,57 including penalties and interest assessed through the date of assessment but not after the date of assessment.  (Flach Decl. ¶ 15.)[1]  Defendant explains in great deal the calculation of the interest and the failure to pay penalty amounts that accrued after November 27, 2006.  Contrary to plaintiff's argument, defendant's lien is not limited to the amount shown on the Certificate of Assessment.  The lien also includes "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto." 26 U.S.C. § 6321.  Thus, defendant is entitled to any amounts that accrue after the date of assessment as well.  Although plaintiff points to the general proposition that Certificates of Assessment are presumptively valid, plaintiff fails to cite a single case where the taxpayer's liability was limited to the amount shown as of the Certificate's date of issuance.

---

[1] The Flach Declaration at paragraph 15 states "The unpaid assessed balance for the Taxpayers' 2005 total tax liability including penalties and interest assessed through November 27, 2006, and after application of all payments and credits described in paragraphs 7, 8, and 14, was $161,844,57, as of December 12, 2008.  See Exhibit 1, page 4." As Exhibit 1, page 4 contains no reference to December 12, 2008, the Court presumes defendant has made a typographical error in its brief and is referring to December 17, 2008, the date shown on page 4 of Exhibit 1.

5

Further, plaintiff introduces no evidence whatsoever showing that Arsena does not owe the stated amounts. Accordingly, no genuine issue of material fact exists with respect to the amount of defendant's lien.

### **CONCLUSION**

For the foregoing reasons, defendant's Renewed Motion for Summary Judgment is GRANTED as to the validity of its lien in the amount of $239,894.96 and statutory interests and penalties accruing after November 20, 2009.

IT IS SO ORDERED.


                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 1/11/10